# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **LESLIE JUAREZ**, Individually and on behalf of others similarly situated,<br><br>v.<br><br>**BP EXPLORATION & PRODUCTION, INC.** | Case No: 4:17-cv-448 |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### SUMMARY

1. Despite controlling their pay, schedule, working locations, and job duties, BP Exploration & Production, Inc. (BP Exploration) labels some of its employees "independent contractors" and does not pay them overtime.

2. Despite BP Exploration's facile label, these workers are BP Exploration's "employees" and/or "joint employees" within the meaning of the Fair Labor Standards Act (FLSA) and the Alaska Wage and Hour Act (AWHA), making BP Exploration responsible for making sure these workers receive overtime pay.

3. BP Exploration failed to ensure these employees received overtime as required under the FLSA and applicable state law.

4. This collective action seeks to recover the overtime pay, and related damages, owed to the workers BP Exploration improperly labeled "independent contractors."

### JURISDICTION & VENUE

5. This Court has subject matter jurisdiction because this case involves a federal question under the FLSA. *See* 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over the AWHA claims under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d).

7. This Court also has jurisdiction over the AWHA claims because they arise from the same common nucleus of operative facts as the FLSA claims. *See* 28 U.S.C. § 1367.

8. Venue is proper because BP Exploration resides in this District and a substantial part of the events alleged herein occurred in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## **PARTIES**

9. Leslie Juarez (Juarez) was an employee of BP Exploration.

10. He worked for BP Exploration for over 4 years.

11. Juarez's work was performed under BP Exploration's supervision and control.

12. Throughout the period he was employed, Juarez was not paid on a salary basis.

13. Juarez's written consent to this action is attached.

14. Juarez brings this action on behalf of himself and all other similarly situated workers who BP Exploration labeled as "independent contractors" and who did not receive time and a half for overtime (the "FLSA Class").

15. Juarez also brings this action on himself and all other members of the FLSA Class who worked in Alaska (the "Alaska Class").

16. Headquartered in Houston, Texas, BP Exploration is a subsidiary of BP, PLC (also known as British Petroleum).

17. It employs thousands of workers all across America.

18. BP Exploration employed Juarez in several different states, including Alaska.

19. For at least the past decade, BP Exploration's annual revenues have exceeded $1 billion.

20. BP Exploration may be served through its registered agent.

## FACTS

21. BP Exploration provides oil exploration and production services.

22. It also owns and operates oil wells.

23. BP Exploration requires a variety of workers to provide its services.

24. Juarez was one of these workers.

25. Juarez worked side by side with BP Exploration's admitted employees.

26. Juarez reported to, and was supervised by, a BP Exploration supervisor.

27. Juarez's job duties were governed by BP Exploration's specific guidelines.

28. But BP Exploration labelled Juarez and other workers like him "independent contractors."

29. BP Exploration obtains many of these workers (often referred to as "consultants") through staffing companies.

30. But the reality is that BP Exploration is an employer and/or joint employer of these "consultant" workers along with the staffing companies.

31. Despite being their employer, BP Exploration fails to ensure that these workers receive overtime as required under the FLSA.

32. This collective action seeks to recover the overtime pay, and related damages, owed to the workers BP Exploration labeled "independent contractors."

33. BP Exploration regularly assigns and oversees the work performed by the FLSA Class.

34. BP Exploration controls the when, where, and how of the FLSA Class's work.

35. It exercises this control through its supervisors, guidelines, policies, and job requirements.

36. BP Exploration provides the tools, equipment, and materials, used by the FLSA Class to perform work on BP Exploration's behalf.

37. Over the past three years, BP Exploration has employed hundreds of individuals who, like Juarez, were improperly classified as independent contractors.

38. BP Exploration (and some or all of its staffing companies) appear on the reports recording the FLSA Class's time and work.

39. For example, a BP Exploration supervisor approved the work performed by Juarez.

40. A BP Exploration supervisor approved Juarez's time sheets.

41. BP Exploration knew Juarez worked more than 40 hours in a week.

42. BP Exploration's records reflect the fact Juarez worked more than 40 hours in a week.

43. BP Exploration knew Juarez was not exempt from the FLSA's overtime provisions.

44. BP Exploration dictated how Juarez would be paid.

45. BP Exploration controlled the rates at which Juarez was paid.

46. Juarez was not paid on a salary basis.

47. Juarez's pay was determined by the quantity and type of work he performed.

48. For some tasks, Juarez was paid a day rate, or half day rate, depending on whether he worked more than (or fewer than) 4 hours in a day.

49. For other work, Juarez was paid by the hour.

50. Juarez was not guaranteed any minimum amount of pay in any week in which he performed worked.

51. BP Exploration knew how Juarez was paid during the time he worked for BP Exploration.

52. BP Exploration controlled Juarez's work schedule.

53. BP Exploration generally scheduled Juarez for 14 days on, and 14 days off.

54. Juarez usually, but not always, worked 12 hours a day.

55. Juarez regularly worked more than 80 hours a week.

56. The FLSA Class generally worked a 14 on, 14 off schedule.

57. The FLSA Class regularly worked more than 8 hours a day, up to 7 days a week.

58. The FLSA Class regularly worked more than 40 hours in a week.

59. As with Juarez, BP Exploration's records reflect this fact.

60. BP Exploration has known for many years that the FLSA and the Alaska Wage and Hour Act (AWHA) recognize joint employer liability.

61. BP Exploration has known for many years that joint employers are responsible, both individually and jointly, for complying with the FLSA's overtime provisions.

62. BP Exploration has known for many years that joint employers are responsible, both individually and jointly, for complying with the overtime provisions of the AWHA.

63. BP Exploration did not pay Juarez overtime for hours worked in excess of 8 in a day.

64. BP Exploration did not pay Juarez overtime for hours worked in excess of 40 in a week.

65. Nonetheless, BP Exploration did not pay Juarez overtime for hours worked in excess of 40 in a workweek.

66. BP Exploration knows other members of the FLSA Class work more than 40 hours a week.

67. BP Exploration is, and has been, aware of its potential liability to its "contingent workforce."

68. BP Exploration nonetheless failed to ensure Juarez and rest of the FLSA Class received overtime as required by the FLSA.

## CLASS & COLLECTIVE ALLEGATIONS

69. BP Exploration's practice of failing to pay overtime to the FLSA Class violates the FLSA and the AWHA.

70. Even if the FLSA Class's job duties vary somewhat, these differences are not relevant to their right to overtime pay.

71. All of the FLSA Class are employed in similar circumstances, and subject to similar control from BP Exploration.

72. Like Juarez, the FLSA Class generally worked more than 40 hours during their workweeks.

73. None of the FLSA Class were paid on a salary basis.

74. None of the FLSA Class covered by this collective action received time and a half for hours worked in excess of 40 in a workweek.

75. Juarez brings his claim under the AWHA as a Rule 23 class action.

76. The members of the Alaska Class are similarly situated to Juarez in relevant respects.

77. The members of the Alaska Class were misclassified as independent contractors, were not paid on a salary-basis, regularly worked more than 8 hours per day, and 40 hours per week, and were not paid overtime compensation.

78. BP Exploration's failure to pay wages and overtime compensation at the rates required by the AWHA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the members of the Alaska Class.

79. Even if the precise job duties performed by members of the Alaska Class might vary somewhat, these differences do not matter for the purposes of determining entitlement to overtime.

80. Nor do any differences in job duties matter for determining whether BP Exploration's failure to pay overtime was legal (and it was not).

81. The members of the Alaska Class are all entitled to overtime after working 8 (or, at most, 10) hours in a day.

82. The members of the Alaska Class are all entitled to overtime after working 40 hours in a week.

83. Because BP Exploration uniformly misclassified these workers as independent contractors and denied the Alaska Class overtime for all hours worked over 40 in a work week, Juarez and the Alaska Class are similarly situated within the meaning of the AWHA.

84. BP Exploration employed more than 100 employees like Juarez in Alaska.

85. The members of the Alaska Class are nonetheless geographically disbursed, residing and working in multiple states.

86. Because the members of the Alaska Class do not have fixed work locations, these individuals may work in different states across the country during their employment.

87. Numerous employees have been victimized by BP Exploration's pattern, practice, and policy of failing to pay overtime for all hours worked over 40 which are in willful violation of the FLSA and the AWHA.

88. Numerous other employees who worked with Juarez have indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal law.

89. Based on his experiences and tenure with BP Exploration, Juarez is aware that the illegal practices or policies of Defendant that have been imposed on other members of the FLSA Class and the Alaska Class.

90. Juarez's experiences are therefore typical of the experiences of the Alaska Class.

91. Juarez has no interests contrary to, or in conflict with, the members of the Alaska Class.

92. Like each member of the proposed classes, Juarez has an interest in obtaining the unpaid overtime wages owed under state and federal law.

93. Absent a class action, many members of the Alaska Class likely will not obtain redress of their injuries and BP Exploration will retain the proceeds of its violations of the AWHA.

94. Individual litigation would be unduly burdensome to the judicial system.

95. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

96. The questions of law and fact common to each member of the Alaska Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether BP Exploration employed Putative Class Members within the meaning of the applicable state statutes, including the AWHA;

   b. Whether the Putative Class Members were improperly classified by BP Exploration as independent contractors;

   c. Whether the Putative Class Members were improperly classified by BP Exploration as exempt from overtime compensation;

   d. Whether BP Exploration's decision to classify the Putative Class Members as independent contractors was made in good faith;

   e. Whether BP Exploration's decision to deny the Putative Class Members overtime was made in good faith; and

   f. Whether BP Exploration's violation of the AWHA was willful.

97. Juarez's claims are typical of the members of the Alaska Class.

98. Juarez and members of the Alaska Class have sustained damages arising out of BP Exploration's illegal and uniform employment policy.

99. Juarez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

100. Even if the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

101. BP Exploration's records, however, provide an reasonable method for calculating the hours worked by the FLSA Class (and, therefore, the Alaska Class).

### FIRST CAUSE OF ACTION: FLSA OVERTIME

102. By failing to pay Juarez and the FLSA Class overtime at one-and-one-half times their regular rates, BP Exploration violated the FLSA's overtime provisions.

103. BP Exploration owes Juarez and the FLSA Class the difference between the rate actually paid and the proper overtime rate.

104. Because it knew, or showed reckless disregard for whether, its pay practices violated the FLSA, BP Exploration owes these wages for the past three years.

105. BP Exploration owes Juarez and the FLSA Class an amount equal to the unpaid overtime wages as liquidated damages.

106. Juarez and the FLSA Class are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### SECOND CAUSE OF ACTION: AWHA OVERTIME

107. The conduct alleged in this Complaint violates the Alaska Minimum Wage Act (AWHA).

108. BP Exploration was and is an "employer" within the meaning of the AWHA.

109. At all relevant times, BP Exploration employed each member of the Alaska Class as an "employee" within the meaning of the AWHA.

110. The AWHA requires an employer like BP Exploration to pay overtime to all non-exempt employees.

111. Alaska law also requires an employer like BP Exploration to notify each "employee in writing at the time of hiring of the day and place of payment, and the rate of pay, and of any change with respect to these items on the payday before the time of change." Alaska Stat. Ann. § 23.05.160.

112. The members of the FLSA Class employed in Alaska were and are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

113. Within the applicable limitations period, BP Exploration had a policy and practice of failing to pay overtime pay to the Alaska Class members for their hours worked in excess of 8 hours in a day.

114. Within the applicable limitations period, BP Exploration had a policy and practice of failing to pay overtime pay to the Alaska Class members for their hours worked in excess of 40 hours per week.

115. As a result of BP Exploration's failure to pay overtime to the Alaska Class, BP Exploration violated the AWHA.

116. The Alaska Class is entitled to recover their unpaid overtime based on BP Exploration's failure to pay 1 and ½ time their regular rates of pay for work performed in excess of 40 hours in a week, an amount equal to these underpayments as liquidated damages, and such other legal and equitable relief resulting from BP Exploration's violations of the AWHA as the Court deems just and proper.

117. The Alaska Class also seeks recovery of attorneys' fees and costs of this action to be paid by BP Exploration, as provided by the AWHA.

**PRAYER**

Wherefore, Juarez prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. An order certifying the Alaska Class as a class action under Rule 23;

3. Judgment awarding Juarez and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

4. Judgment awarding Juarez and the Alaska Class all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the AWHA;

5. Pre- and post-judgment interest at the highest rate allowable by law; and

6. All such other and further relief to which Juarez and the FLSA Class may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
 Richard J. (Rex) Burch
 Texas Bar No. 24001807
 *Attorney-In-Charge for Plaintiffs*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew Dunlap
Texas Bar No. 24078444
**FIBICH, LEEBRON, COPELAND, BRIGGS, & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

11

## CONSENT TO JOIN WAGE CLAIM

Print Name: Leslie Paul Juarez II

1. I hereby consent to participate in a collective action lawsuit against **Petrofac, Inc. / BP Global** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *Leslie Paul Juarez, II* (DocuSigned by: 9B3A4B8CEB9C4F0...)

Date Signed: 2/6/2017